Per Curiam.

Let the rule be so far vacated as to permit the plaintiffs to proceed to trial notwithstanding the commission.
Motion granted.
N. B. On a commission to England, the court will, after eight months without a return, give leave to proceed to trial, notwithstanding the commission; but this does not prevent cause being shown, at the circuit, why the trial should not then be put off.(a)

 As the permission to go to trial does not prevent showing cause at the circuit for a further postponement, it will be granted, though the time for returning the commission be not expired; Pell v. Bunker, 2 Caines’ Rep. 46, a fortiori if it be; Bushereau v. Le Guen, 2 Johns. Rep. 196. Rush v. Cobbet, 2 Johns. Cas. 10, against which a belief, sworn to by the defendant’s counsel, that the plaintiff has by his acts delayed the return is not sufficient. Id. ibid. Where, from circumstances over which the defendant could have no control it appears, even after a second commission, that a return could not have been had, and that the testimony expected is almost conclusive on the question, the court will vacate a rule permitting to go to trial, and give the defendant his full eight months from the issuing the second commission. Ferris v. Smith, 2 Caines' Rep. 253. The time for the execution and return of a commission arrived in England, is said to be three months. Juhel v *633 United Ins. Co., cited post, 517. If the party has an agent in England, who is instructed to forward the proceedings four months from the issuing the commission, it is, in a statement of the same case in another place, (Caines’ Prac. 427,) said to be sufficient. When a plaintiff has delayed his own commission, judgment as in case of nonsuit, for not going to trial will be granted, as in other cases, unless he stipulate. Coles v. Thompson, post, 517, and Miller & Graham v. De Peyster, there cited. But the application will be refused if the delay complained of appear to have arisen from the neglect of the defendant’s commissioner. Coles v. Thompson, 2 Caines’ Rep. 47. The return should be by the commissioner to whom delivered, or a person who has received it from the commissioners, Murray v. Mar. Ins. Co., Caines’ Prac. 425, and should specify that the depositions were taken on oath; Bailis v. Cochran, 2 Johns. Rep. 417, a statement of which, in the caption of the depositions, by saying the witness “ was produced and sworn," &c., if signed by the commissioners, is enough. Bolte v. Van Rooten, 4 Johns. Rep, 130. See ante, p. 4, note'[l], and 74, n. (b).